FILED & JUDGMENT ENTERED
Steven T. Salata

Oct  06  2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| MARK ROBERT ADKINS | ) | **Case No. 12-31051** |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |

## CONSENT ORDER REGARDING SEVERAL PENDING MATTERS

**THE DOCKET** in this case indicates that there are several pending matters for consideration and ruling by the Court. One is a motion of Branch Banking and Trust Company (hereinafter "BB&T") filed on 2 September 2014 seeking reconsideration of an ex parte order entered by this Court directing BB&T to turn over to the Trustee funds in a certain bank account. It appears that in connection with the motion of BB&T, the Trustee sent notice of a deposition of BB&T and a request for production of documents, which resulted in a motion to quash and objection to the request for the production of documents filed on behalf of BB&T on 23 September 2014.

The account in issue is in the name of Waterfront Group NC, LLC. This corporation is owned fifty percent (50%) by the Debtor in this case, and fifty percent (50%) by the brother of the Debtor, also a Debtor in a chapter 7 case pending in this Court (Case No. 12-31050). Thus, as a result of the two cases, one hundred percent (100%) of the ownership interest of Waterfront Group NC, LLC is before this Court.

On 24 September 2014, at the request of counsel for BB&T, the Court held an unrecorded telephone conference for the stated purpose of scheduling hearings. In addition to counsel for BB&T and the Trustee, Martin Hunter, counsel for Yeopim Partners, LLC, also participated in the telephone conference as counsel for an entity to whom BB&T had assigned and transferred any interest that it might have in the account under consideration. During that

conversation, the parties, by agreement, discussed the merits of the case, and at the end of the conversation reached agreement to resolve the several pending matters, and the issue of the account itself.

Martin Hunter, on behalf of Yeopim Partners, LLC, agreed that the funds could be held by the Trustee in his general IOLTA trust account, and not a specific estate account in the bankruptcy case.  The Trustee agreed to that request.  It appears from everything before the Court that any argument as to ownership of the bank account itself and the funds therein will be between the Trustee, and the client of Martin Hunter as the assignee of BB&T.  In fact, BB&T in its motion to quash filed an affidavit stating that it has no interest in the account, and consequently would have no right of setoff or any other interest in the account, and according to the provisions of Chapter 5 of Title 11 of the United States Code, said funds should be delivered to the Trustee.  Of course, by delivery to the Trustee, any security interest of Yeopim Partners, LLC, the client of Martin Hunter, is not extinguished, but is simply transferred to those funds being held by the Trustee.

The Court will enter this order, with the consent of the parties, providing that the funds in the deposit account of Waterfront Group NC, LLC shall be delivered to the Trustee in this case (who is the same Trustee in the case of the brother of the Debtor) to be held in his general IOLTA trust account, with the lien, if any, of Yeopim Partners, LLC, client of Martin Hunter, being attached to those proceeds.  As a result of that transfer, the motion to reconsider the order filed by BB&T becomes moot, and the Trustee's notice of deposition and request for production of documents become moot as well, which will result in denial of the motion to quash and the objection to the request for production of documents as being also moot.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that BB&T shall immediately turn over to R. Keith Johnson, Trustee in this case and also Trustee in the companion case of the brother of the Debtor (Case No. 12-31050) all of the proceeds in that certain demand deposit account of Waterfront Group NC, LLC currently held at BB&T.  This account ends in '2985', and should have a balance of approximately $130,710.00.

**IT IS FURTHER ORDERED** that R. Keith Johnson shall place said proceeds in his IOLTA trust account, pending further orders of this Court, and that said proceeds shall be impressed with any liens and encumbrances that currently exist as to said account, specifically including the claim of Yeopim Partners, LLC, the client of Martin Hunter, as disclosed in the telephone conversation.

**IT IS FURTHER ORDERED** that as a result of the transfer of said funds as ordered herein, BB&T's motion to reconsider filed on 2 September 2014 shall be and the same is hereby **DENIED** for the reason that it is moot.

**IT IS FURTHER ORDERED** that the motion to quash and objection to the request of production of documents filed by BB&T in this case on 23 September 2014 shall be and the same is hereby **DENIED** for the reason that the motion is moot, based on the fact that the deposition notice and request for production of documents of the Trustee to BB&T is itself moot and no longer effective.

*/s/ R. Keith Johnson*
R. KEITH JOHNSON,
Trustee and Attorney for Trustee

*/s/ Joseph H. Stallings*
JOSEPH H. STALLINGS,
Attorney for BB&T

*/s/ G. Martin Hunter*
G. MARTIN HUNTER,
Attorney for Yeopim Partners, LLC


***This Order has been signed electronically.***          ***United States Bankruptcy Court***
***The Judge's signature and Court's seal***
***appear at the top of the Order.***