# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

IN RE:                                                      )
MARK ROBERT ADKINS                          )          Case No. 12-31051
                                                                  )          Chapter 7
                         Debtor.                       )
_____)

## MOTION TO 1) APPROVE COMPROMISE AND SETTLEMENT, AND ABANDONMENT, AS TO CERTAIN NON-EXEMPT PERSONAL PROPERTY; 2) APPROVE COMPROMISE AND SETTLEMENT AS TO TAX REFUNDS; AND 3) APPROVE COMPROMISE AND SETTLEMENT, AND ABANDONMENT, AS TO CERTAIN REAL PROPERTY

**COMES NOW** the Trustee, by and through counsel, and moves the Court to approve certain settlements and agreements, and abandonment, entered into between the Debtor and the Trustee (for the benefit of the bankruptcy estate) as relates to certain personal property, certain real property, and tax refunds. To support this motion, the Trustee would show the Court the following:

### GENERAL FACTUAL INFORMATION

1. On 4 May 2012 the Debtor filed a voluntary chapter 7 bankruptcy case in this Court.

2. On Schedule B of his schedules, the Debtor listed ownership of certain tangible personal property.

3. On Schedule A of his schedules the Debtor listed an ownership interest in certain real property, including two (2) properties in Chuluota, Florida having an address of 839 Snow Queen Drive, and an address of 859 Snow Queen Drive.

4. At the time of the filing of the bankruptcy case, the Debtor had not filed his 2012 income tax returns.

### TANGIBLE PERSONAL PROPERTY

5. The Debtor scheduled a value for his tangible personal property, exclusive of automobiles, with a total value of $70,703.00.

6. The Debtor properly claimed exemptions in tangible personal property under the provisions of the North Carolina General Statutes (1C-1601(a)(4); (a)(2); and (a)(5)) in the total amount of $10,600.00.

7. The Debtor has proposed to settle and compromise any remaining issue as to non-exempt equity in the tangible personal property by the payment of $50,000.00 to the bankruptcy estate, in exchange for which the

Trustee will release any claim against the tangible personal property listed on Schedule B, and will abandon any further interest in same.

8. The Trustee notes that Schedule B lists as additional property two (2) Carolina Panthers Club Level Permanent Seat Licenses with a value of $4,000.00; however, upon investigation the Trustee has determined that the Permanent Seat Licenses have lapsed by the passage of time as provided in the original agreement, and therefore no longer exist.

## TAX REFUNDS

9. The Debtor has provided to the Trustee copies of his North Carolina and federal income tax returns for the year 2012 which show a gross federal refund of $42,396.00, and a gross North Carolina refund of $7,500.00.

10. As the case was filed on 4 May 2012, the Trustee takes the position that one-third (1/3) (4/12) of the tax refund is property of the bankruptcy estate.

11. The Debtor has agreed to pay to the bankruptcy estate the sum of $16,632.00 to compromise and settle any claim of the bankruptcy estate against the 2012 tax refunds, state and federal, of the Debtor.

## FLORIDA REAL PROPERTY

12. On his Schedule A the Debtor listed ownership of property at 839 Snow Queen Drive in Chuluota, Florida with a scheduled value of $297,500.00, subject to a secured claim of $250,000.00.

13. On his Schedule A the Debtor also listed ownership of property at 859 Snow Queen Drive in Chuluota, Florida, with a value of $259,000.00 subject to a secured claim of $250,000.00.

14. The Trustee has examined the real property records for the two (2) parcels in Chuluota, Florida and finds that each is subject to a deed of trust and mortgage in the approximate amount of $250,000.00.

15. The Trustee has disagreed with the values of the two (2) parcels as scheduled by the Debtor, and believes that the value of each of the parcels exceeds the scheduled amount by the Debtor.

16. To resolve the issues relating to the two (2) parcels in Chuluota, Florida, the Debtor proposes to pay to the bankruptcy estate the sum of $50,000.00, and upon receipt of same, the Trustee will abandon any further interest that he or the bankruptcy estate may have in the two (2) properties at 839 Snow Queen Drive and 859 Snow Queen Drive, Chuluota, Florida.

**TRUSTEE'S RECOMMENDATION**

17.  The Trustee recommends that the compromises and settlements set forth above be approved, as in the opinion of the Trustee each is in the best interest of the bankruptcy estate and the creditors of the Debtor. As to the tangible personal property and the real estate in Florida, the Trustee would not incur costs of sale related to any of the property, and the uncertainty of finding purchasers.

18.  As to the tax refunds, the amount to be paid to the bankruptcy estate is a calculation based upon one third (1/3) of the year 2012 being pre-petition.

**WHEREFORE,** the Trustee prays that the Court enter its order authorizing the Trustee to proceed with the compromise and settlements as set forth above, and upon receipt of agreed amounts to proceed with abandonment of any remaining interest that the Trustee may have in the tangible personal property listed on Schedule B, and the two (2) parcels of real property located in Chuluota, Florida.

This the 30th day of November, 2015.

/s/ R. Keith Johnson
R. Keith Johnson, Trustee
and Attorney for Trustee
NC State Bar No. 8840
1275 Highway 16 South
Stanley, North Carolina 28164
(704) 827-4200